Filed 3/3/22  P. v. Lorenzo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076595 |
| v. | (Super.Ct.No. FWV18004605) |
| JORGE ERIC LORENZO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Katrina West, Judge. Affirmed with directions.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

1

On January 18, 2019, Jorge Eric Lorenzo pled no contest to false imprisonment and misdemeanor child abuse. (Pen. Code, §§ 236, 273a, subd. (b), unlabeled statutory citations refer to this code.) Under the terms of his plea agreement, the court sentenced him to three years, composed of the upper term of three years for false imprisonment and a 180-day term for the misdemeanor to be served concurrently. The court then suspended the sentence and granted Lorenzo four years' formal probation. The court imposed various fines and fees, including a $450 restitution fine and a matching probation revocation restitution fine. The court also imposed a probation supervision fee of $29 per month.

On January 12, 2021, the court terminated Lorenzo's probation and executed his suspended three-year sentence. The court orally ordered Lorenzo to pay a $3,162 restitution fine and equivalent probation revocation fine. However, the minute order didn't explicitly mention the restitution fine, stating only "Prob. Rev. Rest. Fine previously stayed/imposed—PC 1202.44," in the amount of $3,162.

On June 11, 2021, Lorenzo formally requested that the trial court correct his restitution and probation revocation fines, lowering them to $450 as the court had originally ordered in 2019. Lorenzo also requested the court vacate his probation supervision fees under Assembly Bill No. 1869 (Assem. Bill 1869) (2019-2020 Reg. Sess.). The court issued a corrected minute order, which states "[a]s to restitution fine and probation revocation restitution fine: Prob. Rev. Rest. Fine previously

2

stayed/imposed—PC 1202.44 in the amount of $450.00." However, it declined to vacate Lorenzo's probation supervision fees.

Lorenzo timely appealed.

On appeal, Lorenzo argues the minute order is unclear regarding the status of his restitution fine, and that the trial court erred by not vacating his probation supervision fees. The People argue the minute order is correct, but agree it lacks clarity and don't object to Lorenzo's proposed amendment. They also agree with Lorenzo that his probation supervision fees should be vacated.

First, we consider the alleged error in the minute order. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases," may order these clerical errors corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

We agree with the People that the minute order that currently exists isn't erroneous. The amended minute order applies as to the "restitution fine *and* probation revocation restitution fine." It also references section 1202.44, which requires a court to "assess an additional probation revocation restitution fine in the same amount" as any restitution fine. Given this, we conclude the minute order does indicate it's lowering both the restitution fine and probation revocation fine.

3

Nevertheless, more clarity couldn't hurt. Since the People don't object to amending the order to provide more clarity, we conclude such an amendment is appropriate. Moreover, because this is at most a clerical error, we find remand unnecessary and exercise our independent authority to order the trial court to amend the minute order to make clear that both Lorenzo's probation revocation fine and restitution fine are $450.

Next, we consider the probation supervision fees. Assembly Bill 1869 added section 1465.9, which eliminated multiple fines, fees, and assessments, including probation supervision fees, as of July 1, 2021. "Now that July 1, 2021, has passed, we think the plain language of this statute means two things . . . . First, any 'balance' on [Lorenzo's] account for probation supervision fees—that is, any amounts imposed but not paid—is 'unenforceable and uncollectible.'. . . Second, 'any portion of' the judgment against [Lorenzo] that imposes probation supervision fees 'shall be vacated.' " (*People v. Clark* (2021) 67 Cal.App.5th 248, 259.)

Accordingly, we vacate the imposition of probation supervision fees and any remaining balance.

DISPOSITION

We vacate the order imposing probation supervision fees as well as any outstanding unpaid balance of those fees. We also direct the trial court to amend the January 12, 2021, sentencing minute order by adding that Lorenzo's restitution fine is $450. In all other respects, we affirm the judgment. The trial court shall prepare an

4

amended minute order and forward a certified copy to the Department of Corrections and

Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.